(May 12, 1913.)

HUGH P. HAGAN, Appellant, v. CORNELIUS SULLI-
VAN, Sr., Executor, HENRY F. TERRY and COR-
NELIUS SULLIVAN, Jr., Respondents.

[132 Pac. 106.]

WILL—PROBATE—TIME OF FILING—PETITION FOR REVOCATION.

1.   Under the provisions of sec. 5318, Rev. Codes, when a will has been admitted to probate, any person interested in the same may, at any time within one year after such probate, contest the same or the validity of the will.   For that purpose he must file, in the court in which the will was proved, a petition in writing containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked.

2.   Where it appears that the order admitting a will to probate was filed and entered on the 23d day of April, 1910, and the petition to revoke said will is filed on April 22, 1911, the petition to revoke is filed in accordance with the requirements of the statute.

APPEAL from the District Court of the Sixth Judicial District for Custer County.   Hon. J. M. Stevens, Judge.

An appeal from the judgment of the district court setting aside an order of the probate judge revoking the probate of a will.   *Reversed.*

Milton A. Brown and S. E. Blaine, for Appellant.

Chase A. Clark and Higgins & Ambrose, for Respondents.

Counsel cite no authorities on points decided.

STEWART, J.—The original opinion rendered in this case was filed June 22, 1912. A petition for rehearing was filed and granted. The petition for rehearing is based upon the judgment and decree of the trial court, wherein the trial court adjudged "that the petition for revocation of probate of will be dismissed; that the judgment hereinbefore rendered in the probate court of Custer county, Idaho, on said petition of revocation of will be set aside; that the costs of all the parties to this proceeding and expenses thereof be paid by the contestant."

That judgment was affirmed upon the record that was presented to this court upon appeal. The record showed that the will of Patrick Moyna was probated on the 23d day of March, 1910, and that on the 22d day of April, 1911, a petition was filed by Hugh P. Hagan to revoke the order of the probate judge made on the 23d day of March, 1910, probating the will of Patrick Moyna. From the record the petition filed April 22d, 1911, to revoke the will of Patrick Moyna, probated on March 23, 1910, was not within one year, as provided in sec. 5318, Rev. Codes.

Upon rehearing there was filed in this court an affidavit made by G. B. Baldwin, probate judge of Custer county. Accompanying this affidavit and made a part thereof, were certain orders made by J. G. Finnell as probate judge, with reference to the probation of the will of Patrick Moyna. From the affidavit and record it appears that the order admitting the probate of the Patrick Moyna will was filed and entered on the 23d day of April, 1910, and not made on the 23d day of March, 1910, as shown by the record before the court when the original opinion was written. The record also shows, as it did at the former hearing, that the petition to revoke said will was filed on April 22, 1911.

The record being in this condition, we are satisfied that this court was misled by the record on appeal upon which the original opinion was based, and that the former opinion should be set aside, and the judgment should be *reversed.*

The trial court is ordered and directed to grant a new trial, and it is further ordered that the case be tried upon

the pleadings filed in the probate court and upon the record as corrected and filed in this court on the 29th day of July, 1912, which the clerk of this court is directed to attach to the *remittitur* sent down in this case. Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.